IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY AHART,<br><br>        Plaintiff,<br><br>   vs.<br><br>CDC, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-06-0503 LJO DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SENTENCE MODIFICATION BE DENIED<br><br>**OBJECTIONS DUE JUNE 2, 2007**<br><br>[Doc. 22] |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's motion for sentence modification, filed April 27, 2007. Plaintiff seeks an order modifying his sentence to four (4) years. The construes plaintiff's motion as seeking preliminary injunctive relief. As discussed below, a request for preliminary injunction is premature at this stage of the proceedings and further, the Court is unable to grant the relief requested.

As plaintiff was advised, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v.

Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint. At this juncture, a motion for preliminary injunctive relief is premature.

Moreover, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Thus, the Court is unable to grant the relief requested in this proceeding.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for sentence modification, filed on April 27, 2007, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Plaintiff may file written objections with the court on or before June 2, 2007. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **May 8, 2007**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE